IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JOHN P. DURANCEAU,                    :
                                      :
        Petitioner.                   :
                                      :
vs.                                   :        CIVIL ACTION 12-0600-CB-M
                                      :
TRAY OLIVER,                          :
                                      :
        Respondent.                   :

REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama
inmate which was referred for report and recommendation pursuant
to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8
of the Rules Governing Section 2254 Cases.  This action is now
ready for consideration.  The state record is adequate to
determine Petitioner's claims; no federal evidentiary hearing is
required.  It is recommended that the habeas petition be denied
and that this action be dismissed.  It is further recommended
that, if Petitioner files a certificate of appealability, then
it be denied as he is not entitled to appeal *in forma pauperis*.

Petitioner was convicted of second degree sexual abuse in
the Mobile County Circuit Court on March 8, 2012 and was
sentenced to four years, eight months, and twenty-nine days

1

(Doc. 1, p. 2).  Duranceau did not appeal his conviction or file any State actions challenging his conviction or sentence (*see* Doc. 1, pp. 3-6).  Following his release from custody, Duranceau was arrested for failure to register as a sex offender with the County and was being held in the Mobile Metro Jail (Doc. 1).[1]

Petitioner filed this petition with the Court on September 18, 2012, raising the single claim that his arrest denied him due process of law (Doc. 1).  Respondent has answered the petition by stating that Duranceau left the Mobile Jail on January 16, 2013 without providing any forwarding address (Doc. 5).  On this date, this Court has verified that Petitioner was released from the local lockup on January 16.  Court records indicate that Duranceau has failed to provide a forwarding address so that this Court may reach him.

In this Court's Order of October 16, 2012, Petitioner was specifically cautioned that "[f]ailure . . . to notify the Court of a change in address will result in the dismissal of this action without prejudice for failure to prosecute and to obey the Court's Order" (Doc. 2).  Also, in an order dated October 29, 2012, Duranceau was instructed that "[i]f Petitioner moves

---

[1]The Court has summarized the information as provided by Duranceau in his petition (Doc. 1).  The Court acknowledges, however, that the chronology of events cannot be verified as no other source of information has been provided to the Court.

to a different institution or is released, the Court must be immediately informed of Petitioner's new address or the action will be dismissed" (Doc. 4, p. 4).  There has been no correspondence from Duranceau since October 26, 2012 (Doc. 3).

Therefore, it is recommended that this action be dismissed without prejudice for Petitioner's failure to prosecute this action and obey the Orders of this Court.  It is further recommended that judgment be entered in favor of Respondent Tray Oliver and against Petitioner John P. Duranceau.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied.  28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant").  The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA.  28 U.S.C. § 2253(c)(1).  A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where a habeas petition is being denied on procedural grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable

3

whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As Duranceau has not informed this Court of his whereabouts and has failed to prosecute this action, as Ordered, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Petitioner should be allowed to proceed further. *Slack* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further").

## CONCLUSION

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied. It is further recommended that, if Petitioner files a certificate of appealability, then it be denied as he is not entitled to appeal *in forma pauperis*.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION

4

<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within fourteen days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objection party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **Transcript (applicable where proceedings tape recorded).** Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that

5

transcription is necessary is required before the United States will pay the cost of the transcript.

Done this 29th day of January, 2013.

s/BERT. W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE